IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| LARRY WEBB, | § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:21-CV-62-RWS-JBB |
| DIRECTOR, TDCJ-CID | § § | |
| Respondent. | § § | |

## ORDER

Before the Court are Petitioner Larry Webb's objections to the Magistrate Judge's Report and Recommendation. Docket No. 27. Petitioner, an inmate confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel at trial and on appeal. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge issued a Report recommending that the petition be dismissed with prejudice (Docket No. 25) to which Petitioner objected (Docket No. 27).

### I. Background

Petitioner was sentenced to life in prison after a jury convicted him of one count of aggravated sexual assault and one count of indecency of a child.[1] Docket No. 25. Petitioner also pleaded "true" to the enhancement alleging a prior conviction. Docket No. 25 (citing Docket No. 12-7). Petitioner directly appealed the judgment, arguing that the trial court erred in allowing a

---

[1] The jury found Petitioner not guilty of the two remaining counts of the indictment. *Id.*

witness to testify regarding her opinion that the witness told the truth when she reported the assault and by allowing Petitioner's own statements into evidence. Petitioner also argued insufficient evidence to convict. The Texas Sixth Court of Appeals summarized the evidence presented at trial in detail and ultimately affirmed the judgment of the trial court. *See Webb v. State*, 557 S.W.3d 690, 693-94 (Tex. App.—Texarkana 2018). Petitioner subsequently filed a petition for discretionary review, which the Texas Court of Criminal Appeals denied on June 27, 2018. Petitioner also filed for state habeas relief, which was also denied. Docket No. 12-16. Petitioner then filed this petition for writ of habeas corpus, alleging that both his trial and appellate counsel provided ineffective assistance. Docket No. 1.

## II. The Magistrate Judge's Report and Petitioner's Objections

The Magistrate Judge recommended that Petitioner's petition be dismissed with prejudice as the state court reasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that Petitioner received adequate counsel at the trial level. *See* Docket No. 25. Petitioner argues that trial counsel did not have a firm command of the facts of the case, including the contents of laboratory reports and the probable cause affidavit and complaint. Defense attorneys are required to conduct a reasonable amount of pretrial investigation. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). Nevertheless, defense counsel is not necessarily ineffective for failing to investigate every conceivable, potentially non-frivolous matter. *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992). To warrant federal habeas relief, Petitioner must demonstrate that additional investigation would have revealed specific information that would have changed the outcome of the trial. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010).

Petitioner has not demonstrated that defense counsel performed deficiently in his investigation of the case or preparation for trial. Petitioner also failed to show that his trial counsel performed deficiently by failing to challenge the probable cause affidavit and complaint or that

counsel's failure to challenge the documents affected the outcome of the proceeding. Petitioner's claim that his trial counsel did not have a firm grasp of the contents of reports admitted into evidence by the State also lacks merit. A review of the trial transcript shows that trial counsel was familiar with the contents of the laboratory reports and utilized the information from those reports in his opening statement, in his cross-examination of witnesses, and in his closing argument. *See, e.g.*, Docket No. 12-7 at 15, 121–124, 184–86, 200–01. Counsel also utilized the contents of the sexual assault examination report in his cross-examination of the nurse who examined the victim and prepared the report. *Id.* at 92–96. There is no indication from the record that trial counsel's investigation of the facts or preparation for trial was inadequate or that additional investigation or preparation would have aided Petitioner's defense. As noted by the Magistrate Judge, the state court's conclusion that counsel provided effective assistance with respect to pretrial investigation, preparation, and development of a defense strategy is a reasonable application of *Strickland*.

In his objections to the Magistrate Judge's report, Petitioner also contends that he is actually innocent of the offenses of indecency with a child and aggravated sexual assault. The Supreme Court, however, has not recognized a freestanding claim of actual innocence as a ground for federal habeas relief. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Actual innocence, if proved, may only excuse a procedural bar to federal habeas review of constitutional claims. *Id*. To pass through the actual innocence gateway, the petitioner must show that, in light of new, reliable evidence, no jury would have found him guilty beyond a reasonable doubt. *Id*. at 386. Here, Petitioner attempts to raise a freestanding claim of actual innocence without presenting any newly discovered evidence that would have resulted in his acquittal for either offense.

### III.   Certificate of Appealability

Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate

of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability requires a petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citing 28 U.S.C. § 2253(c)(2)); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004) In making that substantial showing, a petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the jurists of reason could disagree with the district court's conclusion, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). Any doubt regarding whether to grant a certificate of appealability is resolved in favor of a petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000). Here, Petitioner has not shown that a procedural ruling was incorrect or that jurists of reason may disagree as to the Court's conclusion. Further, the questions presented are not worthy of encouragement to proceed further. Accordingly, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

### IV.   Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections (Docket No. 27) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 25) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**. A certificate of appealability will not be issued.

**So ORDERED and SIGNED this 20th day of September, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE